**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VADIM TAIMAZOV,** | : | **No. 3:26cv1837** |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **J. SAGE, Warden USP Lewisburg,** | : | |
| **Respondent** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM ORDER

Before the court is a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner Vadim Taimazov.[1] (Doc. 1). Taimazov is a native and citizen of Russia who has been in the custody of Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") for approximately eight months. For the reasons set forth below, the petition will be granted. Taimazov is entitled to a bond hearing before a neutral and impartial immigration judge.

According to the evidence supplied by the respondents, Taimazov is 31 years old. (Doc. 7-2, Resp. Ex. 1, I-213 Form). He claims to have served in the Russian military as a sniper. Id. Petitioner entered the United States of America

---

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Taimazov filed the instant petition while detained at FCI Lewisburg which is in the Middle District of Pennsylvania. The petitioner asserts that his continued detention violates his right to due process. Thus, the court has habeas jurisdiction over the petition. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

from Mexico in August 2022 at the San Ysidro Port of Entry along with his wife and daughter. Id.; see also Doc. 1, Pet. at 1. He was paroled into the interior of the United States with a Notice to Appear charging him with violating 8 U.S.C. § 1182(a)(7)(A)(i)(I). (Docs. 7-2, 7-3). In August 2025, he filed an I-589 asylum application. (Doc. 7-2 at 1–2).

In March 2024, Taimazov was arrested for shoplifting in Edison, New Jersey and ordered to pay restitution. Id. In May 2024, he was arrested and charged with retail theft in Onalaska, Wisconsin. Id. In March 2025, he was arrested by the Upper Southhampton Police Department in Bucks County, Pennsylvania for theft by unlawful taking and several other theft-related felony offenses. Id. He was convicted and sentenced and placed in an accelerated rehabilitation disposition program. Id. The Bucks County DA's Office sought to revoke his ARD for failure to appear. Id. The DHS record indicates that the petitioner did not appear because he feared being apprehended by ICE. Id. In any event, petitioner has not completed the ARD program imposed by the court in Bucks County.

On December 30, 2025, ICE agents conducted a vehicle stop in Philadelphia after targeting Taimazov's wife's vehicle. Id. He was taken into custody and is now detained at FCI Lewisburg.

Removal efforts have been expedited in Taimazov's case. Taimazov was ordered removed by an immigration judge on April 9, 2026. He appealed that determination to the Board of Immigration Appeals. (Doc. 7-7). The removal order in this case is not administratively final.

With his petition for writ of habeas corpus, Taimazov argues that he is unlawfully detained. On behalf of the respondents, the United States Attorney's Office for the Middle District of Pennsylvania asserts that either the Laken Riley Act, 8 U.S.C. § 1226(c)(1)(E), or 8 U.S.C. § 1225(b)(1) applies to the petitioner and that his detention without the possibility of bond does not violate the INA or the Due Process Clause of the Fifth Amendment.

The relevant provisions of Section 1226(c) provide:

> (c) Detention of criminal aliens
>
> (1) Custody
>
> The Attorney General shall take into custody any alien who— ...
>
> (E)
>
> (i) is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title; and
>
> (ii) is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer

> offense, or any crime that results in death or serious bodily injury to another person,
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1)(E)

The Laken Riley Act took effect on January 29, 2025. Pub L. No. 119-1, 139 Stat 3. Upon review of the record, Taimazov's most recent theft charge in March 2025 falls under that legislation. He is detained under Section 1226(c) because he meets the three predicates of the statute: 1) he is charged with being inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I); 2) he has been charged with and arrested for a theft offense; and 3) he was "released" by local authorities on an ARD disposition, which has not been completed.[2] 8 U.S.C. § 1226(c)(1)(E)(i)–(ii).

Section 1226(c) is a mandatory detention statute. 8 U.S.C. § 1226(c)(1). It does not limit the length of the detention it authorizes, Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), but "a petitioner may still bring an as-applied constitutional challenge alleging that his continued detention has become

[2] Taimazov's petition asserts: "Because Vadim lacks possession of the [Notice to Appear], he surmises that detention may have been under 8 U.S.C. §1226(c) for an alien convicted of a crime. These crimes involved parking tickets and an incident in Pennsylvania which did not result in a conviction." (Doc. 1 at 2). His traverse walks back that assertion. (Doc. 8 at 1–2). As the text of the statute indicates, a conviction is not required for the Laken Riley Act to apply. The charge and arrest for theft by unlawful taking place him within the reach of the statute.

unconstitutional under the Due Process Clause of the Fifth Amendment." Ibrahim v. Superintendent of Miami Corr. Facility, No. 1:25-CV-00727, 2026 WL 116489, at *4 (M.D. Pa. Jan. 15, 2026) (Wilson, J.) (citing German Santos v. Warden Pike Cty. Corr. Facility, 965 F.3d 203, 208–09 (3d Cir. 2020)). In such as-applied challenges, "when detention becomes unreasonable, the Due Process Clause demands a hearing." German Santos, 965 F.3d at 210 (quoting Diop v. ICE/Homeland Sec., 656 F.3d 221, 233 (3d Cir. 2011)).

Reasonableness is "a 'highly fact-specific' inquiry." Id. (quoting Chavez-Alvarez v. Warden York Cty. Prison, 783 F.3d 469, 474 (3d Cir. 2015)). In this circuit, there is a non-exhaustive list of four factors to consider in assessing whether an alien's detention has grown unreasonable: 1) duration of detention; 2) whether the detention is likely to continue; 3) the reasons for the delay; and 4) whether the conditions of confinement are meaningfully different from criminal confinement. Id. at 211 (citations omitted).

***Duration of Detention*** – Duration of detention is the most important factor. Id. Under the case law, there is "no presumption of reasonableness or unreasonableness of any duration." Id. (citing Chavez-Alvarez, 783 F.3d at 475 n.7; Diop, 656 F.3d at 234). The longer noncitizens are detained under Section 1226(c) without bond hearings, however, "the more likely their detention abridges the liberty secured by the Due Process Clause." Michelin v. Warden Moshannon

Valley Corr. Ctr., 169 F.4th 418, 433 (3d Cir. 2026) (citations omitted). In Michelin, the Third Circuit reiterated clearly: "[d]etention becomes more and more suspect after five months for Section 1226(c) detainees. Id. (quoting German Santos, 965 F.3d at 211–12)).

As it stands, Taimazov has been detained by ICE for approximately eight months without a bond hearing. That is less than the periods typically found unreasonable in this district for Section 1226(c) detainees, at least in the decisions before the Third Circuit's discussion in Michelin. See Yirenkyi v. Hoover, No. 3:25CV2414, 2026 WL 268230, at *4, and Appx. (M.D. Pa. Feb. 2, 2026) (collecting cases). After eight months, constitutional concerns are beginning to accrue with respect to the petitioner's detention.[3] However, the duration factor weighs only slightly in favor of relief, if at all.

With that said, duration is only one factor and there are no bright lines in the reasonableness analysis. See Chavez-Alvarez, 783 F.3d at 474, n.7. The Fifth Amendment requires a more granular look at the other facts of this case.

***Likelihood of Continued Detention*** – The second German Santos factor considers the likelihood of continued detention. This factor weighs in favor of

[3] In his initial filing, petitioner cited Rahmatov v. Lowe, 2026 U.S. LEXIS 6477 (M.D.Pa. Mar. 26, 2026) for the proposition that "This district has granted bond hearings after finding that a 120-day detention period was unreasonable. In Rahmatov, the Honorable Robert D. Mariani determined that a period of detention spanning 161 days was *not* unreasonable. Id. The petitioner is admonished for misrepresenting a case to the court. However, no sanctions are warranted given the petitioner's circumstances.

relief. Taimazov has appealed his removal order to the BIA. He has indicated his firm intent to appeal any adverse ruling by the BIA to the Third Circuit Court of Appeals. If that results in a decision favorable to the petitioner, his immigration case will continue to be litigated while the petitioner would otherwise remain detained. If that process results in a final order of removal, the United States government will need to make arrangements with the Russian government for the petitioner's removal. Other statutory provisions authorize continued detention after a removal order becomes final. See 8 U.S.C. § 1231 (a)(1)–(2) (authorizing a 90-day period of mandatory detention after a removal order becomes administratively final), § 1231(a)(6) (authorizing discretionary detention after that period). No matter where Taimazov's proceedings go from here, detention is foreseeably measured in years, not months. This factor favors granting the habeas petition.

***Reasons for the Delay*** – The third German Santos factor considers the reasons for the delay, "such as a detainee's request for continuances." 965 F.3d at 211 (citing Diop, 656 F.3d at 234; Demore v. Kim, 538 U.S. 510, 531 (2003)). The court also asks "whether either party made careless or bad-faith 'errors in the proceedings that cause[d] unnecessary delay.' " Id. (quoting Diop, 656 F.3d at 234) (alteration in original). There is no evidence of either side delaying

removal proceedings or requesting continuances. Thus, this factor is neutral. See id. at 212.

***Conditions of Confinement*** – The fourth German Santos factor requires a determination of whether "the alien's conditions of confinement are meaningfully different from criminal punishment." Id. at 211 (cleaned up). Under the law, "if an alien's civil detention ... looks penal, that **tilts the scales** toward finding the detention unreasonable." Id. (citing Chavez-Alvarez, 783 F.3d at 478) (emphasis added)).

USP Lewisburg is a medium security federal prison. Taimazov alleges that he endures "[r]egular lockdowns of over 10-hours a day, over crowding, lack of medical care, lack of opportunity for family visits, psychological trauma, daily indignity, and lack of exposure sunlight[.]" (Doc. 1, Pet at 3). He also asserts that he is housed under "the same conditions afforded to violent inmates." Id. Petitioner has thus persuaded the court that his civil immigration detention is indistinguishable from criminal punishment. These assertions go unrebutted in the government's response. Thus, this factor weighs heavily in Taimazov's favor.

***Balancing the Factors*** – On the balance of the non-neutral German Santos factors, the conditions of confinement and likelihood of continued confinement weigh heavily in favor of granting release. The petition for writ of habeas corpus will be granted in part.

***Form of Relief*** – This determination does not entitle Taimazov to outright release from detention as requested in his traverse. Rather, because of the violation of his due process rights, the petitioner is entitled to a timely bond hearing before a neutral and impartial IJ. At the bond hearing, the government will bear the burden of justifying petitioner's continued detention by clear and convincing evidence that "must be individualized and support a finding that continued detention is needed to prevent him from fleeing or harming the community." German Santos, 965 F.3d at 213–14.

Consequently, for the reasons set forth above, it is hereby **ORDERED** that:

1) Vadim Taimazov's petition for writ of habeas corpus, (Doc. 1), is **GRANTED**;
2) Taimazov's detention is governed by 8 U.S.C. § 1226(c); however, such detention without a bond hearing has grown unreasonable and violates the petitioner's right to due process of law;
3) The government shall, **within 14 days**, provide Taimazov with an individualized bond hearing before an IJ in accordance with the analysis in the memorandum order;
4) At that hearing, the government will bear the burden of establishing by clear and convincing evidence that Taimazov's continued detention is

necessary because he presents a flight risk or danger to the community if released;

5) On or before **September 4, 2026**, respondents shall file a declaration pursuant to 28 U.S.C. § 1746 confirming that Taimazov has received a bond hearing; and

6) The Clerk of Court is directed to close this case.

**BY THE COURT:**

**Date:** 8/18/26

**JUDGE JULIA K. MUNLEY**
**United States District Court**